**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-4061**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DERIK WAYNE BOWERS,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:23-cr-00019-GMG-RWT-1)

─────────────

Submitted:  October 22, 2024                    Decided:  October 24, 2024

─────────────

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Kimberley DeAnne Crockett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derik Wayne Bowers pled guilty, without a plea agreement, to stalking, in violation of 18 U.S.C. §§ 2261A(2)(B), 2261(b)(5). He was sentenced to 41 months' imprisonment. On appeal, Bowers' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether Bowers' sentence, which falls within his advisory Sentencing Guidelines range, is reasonable. Specifically, counsel contends that the district court failed to adequately consider Bowers' mother's ill health in determining Bowers' sentence. Although he was informed of his right to file a pro se supplemental brief, Bowers has not done so. The Government has declined to file a response brief. Finding no error, we affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). "First, we 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "If the sentence 'is procedurally sound, [we] should then consider the substantive reasonableness of the sentence,' taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall*, 552 U.S. at 51). Any sentence within a properly calculated Guidelines range is

2

presumptively reasonable, and the defendant bears the burden of demonstrating the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016).

We conclude that Bowers' sentence is procedurally and substantively reasonable. The district court correctly calculated the Guidelines range—to which Bowers did not object—and thoroughly explained why it imposed Bowers' 41-month custodial sentence and term of supervised release. We further conclude that the district court expressly and adequately considered Bowers' mother's ill health and need for care in determining Bowers' sentence. In addition, Bowers fails to overcome the presumption of reasonableness that we afford his within-Guidelines sentence.

We have reviewed the record in accordance with *Anders* and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Bowers, in writing, of the right to petition the Supreme Court of the United States for further review. If Bowers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bowers. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*